**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GV, individually and as parent**
**and natural guardian of CV, an**
**infant under the age of 18,**

                    **Plaintiff,**

           **v.**

**BOARD OF EDUCATION OF THE**
**WEST GENESEE CENTRAL**
**SCHOOL DISTRICT et al.,**

                 **Defendants.**
_____

**5:15-cv-1173**
**(GLS/TWD)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Getnick, Livingston Law Firm
258 Genesee Street
Suite 401
Utica, NY 13502

**FOR THE DEFENDANTS:**
*Board of Education of the West*
*Genesee Central School District*
Costello, Cooney Law Firm
500 Plum Street
Suite 300
Syracuse, NY 13204

*Onondaga-Cortland-Madison Counties*
*Board of Cooperative Educational*
*Services*
Office of Frank. W. Miller
6575 Kirkville Road

**OF COUNSEL:**

PATRICK G. RADEL, ESQ.

ELIZABETH A. HOFFMAN, ESQ.

CHRISTOPHER M. MILITELLO,
ESQ.

East Syracuse, NY 13057              FRANK W. MILLER, ESQ.

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff GV, on behalf of himself and his minor son, CV,
commenced this action against defendants Board of Education of the
West Genesee Central School District (District) and Onondaga-Cortland-
Madison Counties Board of Cooperative Educational Services (BOCES)
pursuant to Section 504 of the Rehabilitation Act of 1973[1] (Section 504)
and Title II of the Americans with Disabilities Act[2] (ADA).  (Compl., Dkt.
No. 1.)  Pending is BOCES' motion for judgment on the pleadings, (Dkt.
No. 29), which seeks to dismiss the complaint and a cross-claim filed by
the District, (Dkt. No. 17 at 10).  Also pending is the District's motion for
judgment on the pleadings, (Dkt. No. 32), which seeks to dismiss the
complaint and a cross-claim filed by BOCES, (Dkt. No. 20 at 8).

### II. Background

---

[1] 29 U.S.C. § 794.

[2] 42 U.S.C. § 12101 et seq.

2

A.    **Facts**[3]

*1.    2012-13 School Year*

GV is the parent and natural guardian of CV, "an infant under the age of 18"[4] with Down syndrome and attention deficit hyperactivity disorder.  (Compl. ¶ 3; *Id.*, Attach. 1 at 4.)  During the 2012-13 school year, per the recommendation of the District's Committee on Special Education (CSE), CV attended a program, known as the TEAM class, located at Split Rock Elementary School, one of the District's elementary schools.  (Compl. ¶ 10.)  The TEAM class was "operated" by BOCES and "jointly staffed and supervised" by the District and BOCES.  (*Id.* ¶¶ 10-11.)

Shortly after the start of the 2012-13 school year, CV "demonstrated challenging behaviors," including "aggressive behaviors."  (*Id.* ¶ 12.)  In response, the District and BOCES "repeatedly subjected CV to violent physical restraints and seclusion."  (*Id.* ¶ 13.)  District and BOCES employees "frequently used a therapy mat to pin CV against a wall" and "left CV alone in the classroom while holding the door closed from the

_____

[3] As with a Rule 12(b)(6) motion, the facts are drawn from plaintiff's complaint and presented in the light most favorable to him.

[4] As of October 29, 2013, GV was thirteen years old.  (Compl., Attach. 1 at 2, 4.)

outside to prevent his frantic efforts to escape." (*Id.* ¶¶ 16-17.)  CV was physically restrained seven times in October 2012; during that month, CV was subjected to physical restraints involving multiple adults for at least forty-nine minutes.  (*Id.* ¶¶ 14-15.)

### 2.    Impartial Hearing Officer's Decision

On July 10, 2013, GV commenced a due process proceeding pursuant to 20 U.S.C. § 1416, Section 504, the ADA, Article 89 of New York Education Law, and N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j) by serving a due process complaint notice upon the District.  (*Id.* ¶ 22.) The District, through its counsel, served a letter response dated July 22. (*Id.* ¶ 23.)  The matter was heard by Joan Alexander, an impartial hearing officer (IHO), on September 10, 11, and 12.  (*Id.* ¶ 24.)  GV and the District were represented by counsel, and District and BOCES employees testified as witnesses.  (*Id.* ¶¶ 25-26.)

On October 29, the IHO issued a decision.  (*Id.* ¶ 27; *Id.*, Attach. 1.) The IHO found that the District did not provide a free appropriate public education (FAPE) to CV because, among other things, the District "failed to properly develop, review[,] and update [CV's behavioral intervention plan]" and "improperly used seclusion and restraints" during 2012-13.  (*Id.*,

4

Attach. 1 at 3.)[5]  However, regarding GV's Section 504 and ADA claims,

the IHO found "no violation of Section 504 or the ADA" and explained:

> I do not find bad faith or gross misjudgment in the [District]'s
> 2012-[13] behavior[al] intervention "plan", or in its repeated use
> of physical restraints and seclusion.  I note that I closely
> observed the demeanor[] of all of the witnesses during a three-
> day hearing, and that I've become very familiar with all of the
> proof in this matter.

*Id.*, Attach. 1 at 3, 36.

> 3.    *State Review Officer's Decision*

GV and the District sought review of the IHO's decision by a state

review officer (SRO).  (Compl. ¶ 30.) On February 28, 2014, the SRO

issued a decision.  (*Id.*, Attach. 2.)  Regarding the IHO's finding that the

District did not violate Section 504 or the ADA, the SRO found:

> Although [GV] alleges that the [D]istrict violated [S]ection 504
> and the ADA, the New York State Education Law does not
> appear to provide for state-level administrative review by an SRO
> of IHO decisions with regard to [S]ection 504 or ADA disability
> discrimination claims . . . .  As [GV] provides no authority for the
> proposition that SROs have jurisdiction over [S]ection 504 or
> ADA claims, and did not respond to the [D]istrict's affirmative
> assertion that they do not, I decline to address them in this
> instance . . . .

(*Id.*, Attach. 2 at 7 n.3 (internal citations omitted).)

---

[5] Plaintiff attached the decisions of the IHO and state review officer to his complaint as attachments 1 and 2, respectively.

Plaintiff did not seek review of the SRO's decision.

4.    *Notice of Claim*

On June 25, 2015, New York Supreme Court granted GV's motion for leave to file a late notice of claim, (*id.*, Attach. 3), and GV served a notice on the District and BOCES "thereafter," (Compl. ¶ 35; *Id.*, Attach. 4).

**B.    <u>Procedural History</u>**

GV filed the instant action on behalf of himself and CV in October 2015.  (Compl., Dkt. No. 1.)  GV asserts the following claims against the District and BOCES: (1) "Defendants' conduct [subjecting CV to repeated restraints and seclusion] constituted disability discrimination and amounted to deliberate indifference, the exercise of bad faith, and/or gross misjudgment with respect to CV's right pursuant to Section 504 to be free from discrimination based on his disabilities," (Compl. ¶ 42), and (2) "Defendants' conduct [subjecting CV to repeated restraints and seclusion] constituted disability discrimination and amounted to deliberate indifference, the exercise of bad faith, and/or gross misjudgment with respect to CV's right pursuant to the ADA to be free from discrimination based on his disabilities," (*id.* ¶ 50).  GV's alleged damages are

6

"expenses associated with tutoring and expert witness fees in connection with the due process proceeding," (*id.* ¶ 44), and CV's alleged damages are "serious emotional trauma, pain and suffering, and lost educational progress/opportunity," (*id.* ¶ 45). Plaintiff also seeks attorney's fees, expert witness fees, and costs. (*Id.* ¶¶ 53-54.)

The District filed an answer and cross-claim against BOCES for "contribution and/or indemnity," (Dkt. No. 12 ¶ 50), and then amended the same, (Dkt. No. 17 ¶ 58). BOCES filed an answer to the complaint, (Dkt. No. 14), and then filed an amended answer with a cross-claim against the District for "contribution or indemnity," (Dkt. No. 20 ¶ 32). The pending Rule 12(c) motions for judgment on the pleadings were later filed by BOCES, (Dkt. No. 29), and the District, (Dkt. No. 32).

### III. <u>Standard of Review</u>

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001) (internal citations omitted). Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a

full discussion of the governing standard for Rule 12(b)(6), the court refers

the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F.

Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

Among other arguments, defendants argue that GV's complaint

must be dismissed because of res judicata or collateral estoppel.  (Dkt.

No. 32, Attach. 2 at 6-7; Dkt. No. 52, Attach. 1 at 1-4; Dkt. No. 54).  Those

arguments are addressed below.

### A.    Res Judicata

*1.    The District*

The District argues that plaintiff's claims are barred by res judicata.

(Dkt. No. 32, Attach. 2 at 6-7; Dkt. No. 52, Attach. 1 at 1-4.)  The court

agrees.

"To prove the affirmative defense [of *res judicata*] a party must show

that (1) the previous action involved an adjudication on the merits; (2) the

previous action involved the plaintiffs or those in privity with them; [and]

(3) the claims asserted in the subsequent action were, or could have

been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758

F.3d 493, 499 (2d Cir. 2014) (internal quotation marks and citation

omitted).  Elements two and three are clearly satisfied; plaintiff brought the same Section 504 and ADA claims in the due process proceeding before the IHO.[6]  Element one is also satisfied because "[r]es judicata applies to judgments by . . . administrative agencies acting in an adjudicative capacity."  *Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)).  For example, in *F.M. v. Anderson Ctr. for Autism*, No. 1:13-CV-0041, 2014 WL 4457256, at *15-17 (N.D.N.Y. Sept. 10, 2014), the court held that res judicata barred Section 504 and ADA claims because they had been litigated before an IHO and reviewed by an SRO.[7]

Plaintiff's arguments that res judicata does not apply are unavailing. (Dkt. No. 37 at 3-7; Dkt. No. 56.)  Plaintiff argues that, unlike in *F.M.*, here the SRO made no decision with respect to his Section 504 and ADA claims, and thus "there is nothing for this [c]ourt to give preclusive effect

---

[6] That plaintiff may be seeking a different remedy in this action is inconsequential to the res judicata analysis.  Even if the IHO could not have awarded the compensatory damages that plaintiff seeks in this action, "[a] party cannot avoid the preclusive effect of res judicata by asserting . . . a different remedy."  *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citations omitted).

[7] The *F.M.* court seemingly relied on collateral estoppel in the alternative.  *F.M.*, 2014 WL 4457256, at *17.  Collateral estoppel is addressed below.  *See infra* Part IV.B.

to."  (Dkt. No. 37 at 4.)  But plaintiff ignores that the IHO's

decision—which explicitly found that the District did not violate Section

504 or the ADA—stands as a final administrative adjudication to the

extent that it was not reviewed by the SRO.  *See C.F. ex rel. R.F. v. New*

*York City Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) ("[C]ourts should

defer to the IHO's analysis when considering an issue not reached by the

SRO.") (internal citation omitted); *F.B. v. New York City Dep't of Educ.*,

132 F. Supp. 3d 522, 554 (S.D.N.Y. 2015) (same) (internal quotation

marks and citations omitted); *see also* 20 U.S.C. § 1415(i)(1)(A) ("[An

IHO's decision] shall be final, except that any party . . . may appeal . . . .");

*cf. Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 374 F. App'x 71, 74

(2d Cir. 2010) ("[F]indings of a district court not expressly or implicitly

addressed on appeal remain the law of the case.") (internal citation

omitted).

Plaintiff offers no principled reason to ignore the detailed, thirty-five

page decision, one issued by an IHO who "closely observed the

demeanor[] of all of the witnesses during a three-day hearing" and was

"very familiar with all of the proof."  (Compl., Attach. 1 at 36.)  "Simply

because plaintiff is unhappy with the hearing officer's . . . ruling does not

mean that plaintiff did not have a full and fair opportunity to litigate the issue and does not entitle him to a second chance for a more favorable outcome in another forum." *Levich v. Liberty Cent. Sch. Dist.*, 361 F. Supp. 2d 151, 159 (S.D.N.Y. 2004).  Indeed, plaintiff chose to raise the Section 504 and ADA claims during the due process proceedings.

Plaintiff was not left without recourse after the SRO declined to disturb the IHO's finding that the District did not violate Section 504 or the ADA.  As plaintiff recognizes, "[t]he losing party has four (4) months from the date of the SRO's decision to commence a judicial action (which may be filed in federal or state court) seeking review of the SRO's decision." (Dkt. No. 37 at 3); *see* 20 U.S.C. § 1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a).  If plaintiff was unhappy with the SRO's decision not to disturb the IHO's finding that the District did not violate Section 504 or the ADA, plaintiff could have commenced a judicial action seeking review. *See Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M.*, No. 16 CV 3924, 2017 WL 2656253, at *1, *6 (S.D.N.Y. June 20, 2017) (after unfavorable IHO decision on Section 504 claims and SRO's declination to review due to lack of jurisdiction, party initiated district court action for review); *K.H. v. New York City Dep't of Educ.*, No. 12-CV-1680, 2014 WL

11

3866430, at *11-12 (E.D.N.Y. Aug. 6, 2014) (same).

Further, the cases cited by plaintiff to argue that res judicata should not apply, (Dkt. No. 37, 6-7; Dkt. No. 56, 2-3), are either inapposite or distinguishable.  For example, in *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138, 2017 WL 2417019, at *7 (S.D.N.Y. June 1, 2017), unlike here, "[the] Section 504 and ADA claims were not litigated before the IHO."  The *K.C.* court also noted that the defendant did not cite a case "involv[ing] a federal court giving preclusive effect to the [federally] unreviewed decision of an IHO or SRO," *id.* at *6 (internal citations omitted), but *F.M.*[8] is just such a case.  In any event, the court finds *K.C.* unpersuasive.[9]

### 2.    BOCES

Res judicata also bars plaintiff's claims against BOCES if BOCES

---

[8] *F.M. v. Anderson Ctr. for Autism*, No. 1:13-CV-0041, 2014 WL 4457256 (N.D.N.Y. Sept. 10, 2014).

[9] For example, the *K.C.* court's citation to *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 308 (2d Cir. 2005) seemingly ignores *Burkybile*'s holding that a "quasi-judicial [state] administrative action" may be entitled to preclusive effect. And the *K.C.* court's assertion that "the Second Circuit has held that . . . an unreviewed state administrative decision has no preclusive effect on ADA claims," 2017 WL 2417019, at *6, is overly broad.  The case cited for that proposition, *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 734-35 (2d Cir. 2001), involved a New York state administrative proceeding that did not include a hearing, which is clearly distinguishable from the administrative proceeding here, in which there was a three-day hearing with extensive testimony.

and the District are in privity.  *See Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.").  For the reasons that follow, BOCES and the District are in privity, and thus res judicata bars plaintiff's claims against BOCES.

Plaintiff alleges that "BOCES provided programs and services to special education students from the District, including CV, pursuant to a contract or agreement between the District and BOCES" and "[t]he TEAM Class was jointly staffed and supervised by the District and BOCES." (Compl., ¶¶ 6, 11.)  At the IHO hearing, employees of both BOCES and the District testified,[10] (*id.* ¶ 26), and the hearing "include[d] extensive testimony from []BOCES employees and documentation prepared and maintained by []BOCES supervisors and staff," (Dkt. No. 36 at 7).

Moreover, although plaintiff did not formally name BOCES as a

---

[10] One of the BOCES employees who testified for the District did so as an expert witness.  (Dkt. No. 36 at 9.)

defendant in the due process proceeding before the IHO, many of

plaintiff's allegations supporting his Section 504 and ADA claims against

the District concerned BOCES.  In plaintiff's own words, "[m]any (perhaps

all) of the restraints and seclusion were performed by []BOCES personnel,

at the direction of []BOCES personnel, with []BOCES supervisors being

responsible for investigating the incidents and engaging in appropriate

remedial follow-up."  (Dkt. No. 36 at 6 (internal footnote omitted).)

Further, "[]BOCES employees were the ones who actually developed and

implemented the 'plan' that allowed for repeated restraints and seclusion

to be used against CV."  (*Id.* at 9.)  And much of the IHO's

decision—including its analysis finding no violation of Section 504 or the

ADA—concerns BOCES, and in particular CV's classroom teacher, a

BOCES employee.  (Compl., Attach. 1 at 34-36.)  Given how closely

related the District and BOCES are in plaintiff's own allegations and the

IHO hearing and decision, as well as their contract and other ties, *see*

*supra*, BOCES has a "sufficiently close relationship to the [District] to

justify preclusion."  *Cent. Hudson Gas & Elec. Corp.*, 56 F.3d at 367-68.

## B.   Collateral Estoppel

Even if res judicata does not bar plaintiff's claims, collateral estoppel

does.  "[A] party is collaterally estopped from relitigating an issue if a
four-part test is met: (1) the identical issue was raised in a previous
proceeding; (2) the issue was actually litigated and decided in the
previous proceeding; (3) the party had a full and fair opportunity to litigate
the issue; and (4) the resolution of the issue was necessary to support a
valid and final judgment on the merits."  *Boguslavsky v. Kaplan*, 159 F.3d
715, 720 (2d Cir. 1998) (internal quotation marks and citations omitted);
*see Grenon v. Taconic Hills Cent. Sch. Dist.*, No. 1:05-CV-1109, 2006 WL
3751450, at *6 (N.D.N.Y. Dec. 19, 2006) (holding collateral estoppel
barred claims in context of IHO and SRO proceedings).  For the reasons
above, *see supra* Part IV.A.1, the elements of collateral estoppel are
satisfied here with regard to the issue of whether Section 504 or the ADA
was violated.  That plaintiff did not name BOCES in the due process
proceeding does not prevent application of collateral estoppel.  *See Austin
v. Downs, Rachlin & Martin*, 114 F. App'x 21, 22 (2d Cir. 2004) ("[I]f a
litigant has had an opportunity to fully and fairly litigate an issue and lost,
then third parties unrelated to the original action can bar the litigant from
relitigating that same issue in a subsequent suit.") (internal citations
omitted); *LaFleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002) (holding

15

relevant inquiry is whether plaintiff "was fully able to raise the same factual

or legal issues . . . *not* whether the []defendants were identical in both

cases") (internal citations omitted).

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the District's motion for judgment on the pleadings

(Dkt. No. 32) is **GRANTED**; and it is further

**ORDERED** that BOCES' motion for judgment on the pleadings (Dkt.

No. 29) is **GRANTED**; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and

it is further

**ORDERED** that defendants' cross-claims (Dkt. Nos. 17, 20) are

**DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

July 25, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge

16